**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE J.G.-P., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO.  25-5113 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    April 17, 2026

Michelle J.G.-P. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply.  For the reasons set forth below, Plaintiff's request for review is denied.

## I.      PROCEDURAL HISTORY[1]

On April 19, 2021, Plaintiff applied for DIB, alleging that her disability commenced on March 17, 2013; she subsequently amended her alleged onset date to November 18, 2014.  R. 17, 61.  Plaintiff's claim was denied initially and upon reconsideration.  R. 17.  Hence, she requested an administrative hearing.  *Id.*  On April 14, 2023, Plaintiff appeared for a video hearing, before Robyn L. Hoffman, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney, testified.  R. 58-74.  On May 3, 2024, the ALJ conducted a supplemental hearing at which the

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of  Request for Review ("Pl. Br."), the Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

medical expert, Douglas Shepard, M.D. ("the ME") provided testimony by telephone.  R. 35-54.

On July 24, 2024, the ALJ, using the sequential evaluation process ("SEP") for disability,[2] issued

an unfavorable decision.  R. 17-24.  On July 23, 2025, the Social Security Appeals Council denied

Plaintiff's request to reverse the ALJ's decision, making the ALJ's decision the Commissioner's

final decision.  *Id.* at 1-3.  Plaintiff presently seeks judicial review of that decision; the parties have

consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

### A.  Personal History

Plaintiff, born on December 30, 1983, resides with her husband.  R. 65, 894.  She completed

high school and last worked, on a part-time basis, prior to undergoing lumbar spinal surgery on

March 17, 2013.  R. 63-64, 66-67.

### B.  Plaintiff's Testimony

At the April 23, 2023 hearing, Plaintiff testified about her limitations during the relevant

time, November 18, 2014 to September 30, 2016.  R. 61, 63-72.  After her lumbar spinal surgery,

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 404.1520(b).

> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 404.1520(c).

> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 404.1520(d).

> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 404.1520(f).

> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. § 404.1520(g).

her doctors told her not to work for one year. R. 67. This surgery reduced the numbness she experienced but did not lessen her pain. R. 69. Approximately six months after her lumbar spinal surgery, Plaintiff began to experience cervical pain. R. 67. Later still, a bronchial cyst was discovered; emergency surgery removed it on October 31, 2013. R. 69. These additional problems interrupted the physical therapy she was prescribed post lumbar spinal surgery. R. 69. In 2014, Plaintiff pursued various courses of physical therapy to treat other problems she developed, but these sessions did not improve her symptoms. R. 70.

Plaintiff also experienced leg weakness, which caused her to fall while walking. R. 70. One fall resulted in a broken ankle, another in broken toes. R. 70. Plaintiff experienced right knee pain and arm numbness. R. 70. In 2015, she was diagnosed with fibromyalgia, accompanied by diffuse joint pain, nausea, scalp tenderness and headaches. R. 71. Plaintiff's rheumatologist attempted two different medications to treat her fibromyalgia; significant side effects caused both medications to be discontinued. R. 72. Finally, in 2014 to 2015, Plaintiff began to experience numbness and tingling in her hands and wrists causing her to drop objects. R. 72.

C.    Medical Expert's Testimony

The ME, board certified in orthopedics, R. 37, testified that he had not examined Plaintiff, but had reviewed her medical records, which, at that time, included Exhibits 1F to 22F. R. 38. When asked to focus on the records for the relevant period, November 18, 2014 to September 30, 2016, the ME stated that there were insufficient records for him to express an opinion concerning whether any of Plaintiff's impairments, alone or in combination, were severe. R. 42. He stated that crucial, missing records were the operative and post-operative notes from the surgeon who had performed her lumbar spinal surgery in March 2013. R. 41. Those notes the ME considered crucial because, they would be the best evidence of Plaintiff's level of functioning after the major

3

surgery.  R. 41-43, 47-48.

Plaintiff's attorney stated that he believed that he had submitted all of Plaintiff's available medical records.  R. 46.  However, since the ME stated that there was insufficient evidence in the record, the ALJ provided Plaintiff's attorney a final opportunity to obtain additional medical records.  R. 49-51.  Records submitted after the hearing became Exhibits 23F to 27F.  R. 18.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.   [Plaintiff] last met the insured status requirements of the Social Security Act on September 30, 2016.

2.   [Plaintiff] did not engage in substantial gainful activity during the period from her amended alleged onset date of November 18, 2014, through her date last insured of September 30, 2016 (20 CFR 404.1571 *et seq.*).

3.   Through the date last insured, [Plaintiff] had the following medically determinable impairments:  obesity, a lumbar spine impairment and a right knee impairment (20 CFR 404.1521 *et seq.*).

4.   Although the record contains medically determinable impairments for the relevant period, there is insufficient evidence to assess the severity of those impairments during the relevant period.  As such, [Plaintiff] failed to meet her burden to establish that she had an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

5.   [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from November 18, 2014, the amended alleged onset date, through September 30, 2016, the date last insured (20 CFR 404.1520(c)).

R. 20-21, 24.

## IV.   DISCUSSION

A.     Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or

more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff had not provided sufficient evidence to establish the existence of a severe impairment, during the relevant time period, November 18, 2014 to September 30, 2016, and, hence, was not disabled. R. 17-24. Plaintiff disputes the ALJ's decision, arguing that the ALJ failed to consider evidence submitted after the second hearing which provided the necessary evidence. Pl. Br. at 1-16. The Commissioner denies Plaintiff's arguments. Resp. at 1-10. The court finds that the ALJ committed no error.

Plaintiff's argument is unusual in that, at the second administrative hearing, her attorney told the ALJ that he had submitted all available medical records. R. 46. Yet, she now complains that her attorney was wrong; approximately 2300 pages of records submitted after the hearing were

6

acknowledged by the ALJ but not considered. Pl. Br. at 10-12. According to Plaintiff, the ALJ's failure constitutes reversible legal error. *Id.* at 10-16. The Commissioner disputes Plaintiff's characterization of Exhibit 23F-27F. He maintains that the bulk of these records are duplicative of evidence already in the record and many of the records, including all of Exhibit 27F, post-date Plaintiff's date last insured of September 30, 2016; hence they are neither helpful nor relevant. Resp. at 6-7. Most significantly, the Commissioner argues that none of the supplemental records are the ones the ME expressly identified as needed, *i.e.*, the operative and post-operative notes of Plaintiff's lumbar spine surgeon. *Id.* at 7-8. Plaintiff's response fails to refute either of the Commissioner's contentions. *See* Reply at 1-3. Instead, Plaintiff simply asserts that the ALJ erred by failing to explicitly refer to any of the newly submitted records. Plaintiff failed to identify precisely where in those voluminous records, the crucial evidence is buried, or if the missing evidence is even contained therein.

It is not the duty of this court to comb through approximately 2300 pages of medical records to determine if the salient evidence the ME identified is contained therein. *Cf. Fargnoli*, 247 F.3d at 42 (explaining that, when there are 115 pages of medical records, the ALJ was not required to cite each page). That task should have been performed by Plaintiff, who has the burden of proving that she has severe impairments. *Bowen v. Yuckert*, 482 U.S. 137, 145, 153-54 (1987). Moreover, despite two opportunities to do so, Plaintiff has yet to identify where and whether in those 2300 added pages the operative and post-operative notes of Plaintiff's lumbar spine surgeon appear. Notably, even after the Commissioner challenged her failure to do so in his response, she failed to perform that task in her reply. Hence, this court concludes that Plaintiff failed to produce the records necessary to establish severity. Furthermore, there is no basis to find that the ALJ committed any harmful error by failing to explicitly cite any of the documents contained in

Exhibits 23F-27F.

Implementing and judgment orders follow.